# UNITED STATES DISTRICT COURT

for the

__Southern__ District of __Iowa__

__Central__ Division

RECEIVED
MAR 0 4 2022
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

David Moses Weltman

_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Larry Lipscomb, Kristine Weitzell, Shawn Howard, Jeff Beasley, Ashley Swank

_Defendant(s)_
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. _____

(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: David Moses Weltman
   All other names by which you have been known:
   ID Number: 6990726
   Current Institution: Newton Correctional Facility
   Address: 307 S. 60th Ave. W
   City: Newton   State: IA   Zip Code: 50208

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Larry Lipscomb
   Job or Title (if known): Associate Warden of Treatment
   Shield Number:
   Employer: Newton Correctional Facility
   Address: 307 S. 60th Ave. W
   City: Newton   State: IA   Zip Code: 50208
   [X] Individual capacity   [X] Official capacity

   Defendant No. 2
   Name: Kristine Weitzell
   Job or Title (if known): Warden
   Shield Number:
   Employer: Newton Correctional Facility
   Address: 307 S. 60th Ave. W
   City: Newton   State: IA   Zip Code: 50208
   [X] Individual capacity   [X] Official capacity

   Defendant No. 3
   Name: Shawn Howard
   Job or Title: Warden
   Employer: Newton Correctional Facility
   Address: 307 S. 60th Ave. W
   Newton, IA 50208
   [X] Individual Capacity   [X] Official Capacity

Page 2 of 11

Defendant No. 4
Name: Jeff Beasley
Job or Title (if known): Food Services Director
Shield Number:
Employer: Newton Correctional Facility
Address: 307 S. 60th Ave. W.
City: Newton   State: IA   Zip Code: 50208

[x] Individual capacity   [x] Official capacity

Defendant No. 5
Name: Ashley Swank
Job or Title (if known): Food Services Director
Shield Number:
Employer: Newton Correctional Facility
Address: 307 S. 60th Ave. W
City: Newton   State: IA   Zip Code: 50208

[x] Individual capacity   [x] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[x] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

First Amendment - Religious Practice; Eighth Amendment; Equal Protection Clause of the Fourteenth Amendment; Religious Land Use and Institutionalized Persons Act

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_Each defendant acted as an administrator or staff member of a state prison facility._

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_N/A_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_(see timeline, attached)_

    C.    What date and approximate time did the events giving rise to your claim(s) occur?

*(see timeline, attached)*

    D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*(see timeline, attached)*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*Poor nutrition and inability to adhere to Jewish faith.*

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*(see claims for relief, attached)*

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*Newton Correctional Facility*

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   *Newton Correctional Facility*

2. What did you claim in your grievance?

   *See attached*

3. What was the result, if any?

   *Denial at all levels*

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   *I appealed to the Warden, and upon denial, to the Central office in Des Moines, exhausting my remedies.*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

3. Docket or index number

4. Name of Judge assigned to your case

5. Approximate date of filing lawsuit

6. Is the case still pending?
   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/23/2022

Signature of Plaintiff: [signed]
Printed Name of Plaintiff: David Moses Weltman
Prison Identification #: 6990726
Prison Address: 307 S. 60th Ave. W.
Newton, IA, 50208

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
Telephone Number
E-mail Address

**IV. Statement of Claim**

Timeline:

The plaintiff, David Moses Weltman, is an inmate at Newton Correctional Facility and has been one since August 18, 2020.

The defendants, Larry Lipscomb (Associate Warden of Treatment), Kristine Weitzell (Warden), Shawn Howard (Warden), Jeff Beasley (Food Service Director), and Ashley Swank (Food Service Director) are or were employees at the Newton Correctional Facility.

**The Vegetarian Diet**

- After arriving in the midst of the COVID-19 pandemic and unaware of the kosher diet option, Plaintiff opted for the meatless diet.
- In both September and October of 2020, Plaintiff sent messages to Dietary to request a more varied diet for the vegetarian substitute meals, receiving no reply.
- IDOC Policy IS-FS-01 ensures that all inmates in the Iowa Department of Corrections (IDOC) are entitled to "well-balanced, nutritionally adequate, palatable and appealing in appearance meals," in which "breakfast lunch and supper meal shall be provided on a daily basis. Two of these meals must be hot, except for weekend and holiday, and restricted movement variations." As such was not the case with the vegetarian diet, Plaintiff filed a timely grievance (#47151) in October of 2020 on the invariable and nutritionally incomplete nature of the diet, with the use of beans, peanut butter, and cheese and the primary alternatives for hot meal service and that even when a proper like-for-like option was offered, peanut butter would often be the replacement instead. The grievance was denied.
- In November of 2020, a timely appeal to the Warden was filed and denied.
- A timely final appeal to the Central Office was filed, which was denied in June of 2021.
- Plaintiff conducted additional inquiries with Mr. Phillip Baum at the Office of the Ombudsman, who conducted research into the institution's meal service, ultimately finding that the institution was underproviding but was not engaging in sufficient action to resolve said issues. While three different letters from the Office of the Ombudsman were sent to Plaintiff with its findings according to the Office, no such mailings were received by Plaintiff.

**The Kosher Diet**

- Once Plaintiff found out about the kosher meal option, Plaintiff was told to reach out to Associate Warden of Treatment Larry Lipscomb to be added to kosher diet, which he did in January of 2021.
- In January of 2021, Plaintiff was told that Mr. Lipscomb would not be adding anyone to the diet due to restrictive movement.
- Two weeks later, in February of 2021, Plaintiff again requested diet with Mr. Lipscomb.
- In February of 2021, Mr. Lipscomb again denied the addition.
- Two weeks later, in February of 2021, Plaintiff again requested diet with Mr. Lipscomb. Plaintiff also messaged Warden Kristine Weitzell concerning the inability to receive the modified diet.
- Warden Weitzell and Mr. Lipscomb both replied that an in-person meeting with Mr. Lipscomb would be necessary and that a continued waiting period would ensue.

- Finally, in late February of 2021, Mr. Lipscomb called Plaintiff in for questioning about Jewish faith and told Plaintiff that he would have to attend classes with one of the Jewish groups at the institution to receive the kosher diet.
- In early March of 2021, Plaintiff began receiving diet, but did not receive appropriate vitamin supplements that were court-ordered due to the incomplete nutritional value of the kosher diet. Plaintiff requested the supplements from Mr. Lipscomb and was told that he would be notified when they would start.
- Two weeks later, in March of 2021, Plaintiff once again requested the supplements from Mr. Lipscomb, who told Plaintiff to be patient but took no further action to order the supplements.
- In mid-April of 2021, Plaintiff contacted Dietary concerning the supplements. Ms. Ashley Swank of Dietary told Plaintiff to contact Health Services.
- In mid-April of 2021, Plaintiff contacted Health Services concerning the supplements. In response, Health Services sent a note to the physician to order the vitamins, which Plaintiff then received a few days thereafter.
- Plaintiff kept a log of the kosher diet sacks that he was receiving over a one-month period to note the limited nutritional value therein and the disproportionality of the diet to the diets of other inmates.
- Plaintiff filed a timely grievance (#49682) on the kosher diet in April of 2021, which was denied.
- In May of 2021, a timely appeal to the Warden was filed and denied.
- A timely final appeal to the Central Office was filed, which was denied in June of 2021.
- In a final attempt to resolve these issues, Plaintiff proposed to Food Service Director Jeff Beasley and Warden Shawn Howard a potential weekly rotation for the limited number of inmates on the kosher diet that would provide adequate nutrition and two hot meals a day for each adherent without an undue financial or logistical burden upon the institution, complying with IS-FS-01 and existing case law. Mr. Beasley stated that it was an issue for the Warden, the Warden stated that it was an issue for Mr. Beasley, and Plaintiff was ultimately redirected to Mr. Lipscomb, who stated that Newton Correctional Facility is following policy, full stop.

**Religious Festival Celebration**

- With regards to religious observance, OP-RP-01 governs IDOC policy but does not limit the number of religious festivals that an inmate may mark in accordance with his observance. OP-RP-01 provides that "groups shall submit a proposal to the Chaplain/Designee no later than thirty (30) days prior to the scheduled food event" and that "approval for all food events and their date, time and location will be made by the Associate Warden of Treatment or their designee."
- Since IDOC has a limited selection of kosher items and an inability to order staples of kosher observance of Sabbath and festival days, such as kosher grape juice or challah bread, from commissary, ordering from an external vendor or source is necessary for the proper observance of these festivals. Fort Dodge Correctional Facility had recognized this burden of limitation back in 2012, and the landmark case of *Walker v. Iowa D.O.C. Director Kautzky et. al.* set precedent that every institution be obligated to allow adherents of the faith that on "specified Hebrew Israelite religious holidays, Plaintiff will be allowed to order approved food items from approved sources at his expense."

David Weltman #6990726 pg.

- Plaintiff sent Mr. Lipscomb a list of all upcoming festivals in order to properly order for them, but Mr. Lipscomb denied him, stating that the group may only order out twice a year.
- Plaintiff filed a timely grievance (#49646) on the subject in April of 2021, which was denied.
- A timely appeal to the Warden was filed, which was denied in May of 2021.
- A timely final appeal to the Central Office was filed, which was denied in May of 2021. In its response, the Central Office cited OP-RP-01 when addressing the limitation—even though no such allowance exists in the policy—and encouraged Plaintiff "to work with facility staff to appropriately accommodate your allowed religious needs," pointing away from both legal precedent in *Walker* and standing IDOC policy.

**Final Grievance**

- To address the issues in kosher and festival observance more fully, Plaintiff filed a more detailed grievance (#53771), which was processed as non-grievable in February of 2022 due to prior grievances on the issue, despite the additional content therein.

## VI. Claims for Relief

Concerning the meal services, Plaintiff requests a declaratory judgment that all inmates, regardless of religious or dietary restriction, are guaranteed two hot meals a day, in accordance with IDOC Policy IS-FS-01 and in deference to Jewish custom and practice. The IDOC menu allows for simple like-for-like substitutions of its daily meals for the vegetarian diet, and all items laid out in the proposed weekly kosher menu rotation are readily available from current suppliers at affordable costs, as calculated in coordination with Mr. Beasley. This increase in overall spending will come out to a faction of a percent of the current dietary budget.

Concerning the ability to properly celebrate religious holidays at Newton Correctional Facility, Plaintiff requests a declaratory judgment to be allowed to order out for all Jewish holidays at his expense and to be able to properly store perishable foods accordingly. Plaintiff also requests an area be provided specifically for kosher preparation, including a kosher toaster oven, microwave, two cutting boards, two sets of knives, two pots, two pans, one blender, and all associated cookware.

As to issues of discrimination, delays in accessing the kosher diet, and delays in receiving supplemental nutrition, Plaintiff is seeking compensatory damages and punitive damages for relief in hopes of preventing the IDOC from future acts of discrimination.

WHEREFORE, Plaintiff David Moses Weltman demands judgment against Defendants in an amount to be proven at trial, and such other and further relief as may be just, proper, and allowable, including the costs of this suit and of an attorney. Should this case proceed to trial, Plaintiff hereby requests a trial by jury to settle matters therein and expert witnesses in the matters of kosher law, religious discrimination, and dietary accommodation and nutrition.

